FRANK H. WOODS, APPELLANT, V. LINCOLN TRACTION COMPANY, APPELLEE.

FILED DECEMBER 17, 1908.   No. 14,584.

1. **Nuisance:** INJUNCTION. It is essential to the right of an individual to relief by injunction against a public nuisance that he should show that he has suffered or will suffer some special injury other than that in which the general public shares, and the difference between the injury to him and the public must be one of kind,

and not merely of degree. *Ayers v. Citizens R. Co.,* p. 26, *post,* approved and followed.

2. **Costs:** Injunction: Review. This court will not reverse an order of the district court taxing the costs of an injunction suit to the defendant, if it appears that at the time suit was begun defendant's failure to comply with the terms and provisions of the city ordinance constituted valid ground for injunction, and that dedefendant after the action was begun removed the ground for injunction by complying with the terms and provisions of the ordinance.

Appeal from the district court for Lancaster county: Albert J. Cornish, Judge. *Affirmed.*

*Hall, Woods & Pound,* for appellant.

*Clark & Allen,* contra.

Good, C.

Frank H. Woods, who owned certain lots located at the corner of and abutting on Ninth and Q streets in the city of Lincoln, brought this action to enjoin the Lincoln Traction Company from constructing a line of street railway in front of his said lots on said streets. The case was tried on its merits, and judgment entered dismissing plaintiff's cause of action and taxing the costs to defendant. Plaintiff and defendant have both appealed; the former from the order of dismissal, and the latter from the order taxing the costs to it.

The injunction was asked on the grounds, first, that defendant had no valid franchise or right to build and operate a street railway over said streets; and, secondly, because defendant had not complied with the provisions of an ordinance of said city which requires street railway companies to pay for the cost of paving destroyed in laying their street railway tracks, and to repave between its rails and for the space of one foot on the outside thereof. After the commencement of the action, and before trial, the defendant complied with the ordinance. The record shows that for a long time the defendant had owned and

operated a street railway in the city of Lincoln, and that it claimed to have acquired by purchase the franchise and rights originally granted to the Standard Street Railway Company, the Lincoln Street Railway Company, and the Lincoln Electric Railway Company. At the time this action was brought defendant was constructing a line of street railway along a portion of Ninth and Q streets, and was about to build its line of railway in front of plaintiff's property. The record discloses that defendant was and for a long time had been enjoying and exercising whatever rights it had acquired by purchase, and that it relied in good faith on the validity thereof. Defendant had at least a colorable right to construct its lines of street railway over the streets in question. The record does not show that plaintiff will suffer any injury different in kind from that suffered by the public generally. In *Ayers v. Citizens R. Co.,* p. 26, *post,* it is held: "It is essential to the right of an individual to relief by injunction against a public nuisance that he should show that he has suffered or will suffer some special injury other than that in which the general public shares, and the difference between the injury to him and the public must be one of kind, and not merely of degree." So far as the questions presented by plaintiff's appeal are concerned, the case is in all respects similar to that presented in *Ayers v. Citizens R. Co.* The reasoning of that case is applicable to this, and the rules there announced are decisive of the questions presented by plaintiff's appeal. It follows that the judgment of the district court, in so far as it relates to the questions presented by plaintiff's appeal, is right, and should be affirmed.

The defendant's appeal raises the question as to whether the costs were properly taxed to the defendant. At the time the action was brought the defendant had not complied with the provisions of the ordinance, and was not entitled to go upon the streets and build its line of street railway. Plaintiff had a peculiar and personal interest in the paving, which would be destroyed by the building

of tracks, and was entitled to protect himself against the proposed invasion of his rights. The action was therefore properly instituted, because defendant had not provided for the payment of the cost of the paving it would destroy, and had not complied with the ordinance requiring it to provide for the repaving between its rails and for one foot on each side thereof. The fact that defendant afterwards complied with the terms of this ordinance removed any ground for injunction, but defendant was not entitled to escape the payment of the costs which were properly incurred on account of its own fault. It should have complied with the ordinance before first attempting to build its street railway. That it complied with the ordinance afterwards will not relieve it from the costs which were incurred. The costs, under the circumstances, were properly taxed to the defendant.

The judgment of the district court is right, and we recommend that it be affirmed.

Duffie and Epperson, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

Affirmed.